RICHARD S. FOLSOM and HARRY B. MILLER, for defendant in error; JOHN F. POWER, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

**1. DISORDERLY HOUSE, § 1\***—*when evidence sufficient to support judgment.* In a prosecution charging defendant with being the keeper of a disorderly house in violation of section 2019 of the Chicago Code, evidence *held* sufficient to prove that the character of the house was within the language of the ordinance.

**2. DISORDERLY HOUSE, § 2\***—*when evidence sufficient to show keeping.* In a prosecution wherein defendant was charged with being the keeper of a disorderly house in violation of section 2019 of the Chicago Code, evidence *held* sufficient to sustain a judgment of conviction.

---

## M. C. Conlon, Defendant in Error, v. Frank Trenkhorst, Plaintiff in Error.

### Gen. No. 21,128.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN J. SULLIVAN, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed November 15, 1915.

### Statement of the Case.

Action of tort by M. C. Conlon, plaintiff, against Frank Trenkhorst, defendant, in the Municipal Court of Chicago, to recover for injuries to plaintiff's electric car caused by being struck by defendant's automobile, alleged to have been negligently operated. To reverse a judgment for plaintiff, defendant prosecutes this writ of error.

ANDREW J. REDMOND, for plaintiff in error.

EBEN F. RUNYAN, for defendant in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. AUTOMOBILES AND GARAGES, § 2*—*when evidence sufficient to show negligence.* In an action of tort to recover for injuries to plaintiff's electric car by being struck by a 60-horsepower automobile weighing 5,000 pounds, alleged to have been negligently operated by defendant, where it appeared that defendant, going south at a rate of speed estimated at from twenty-five to thirty miles an hour, turned west at a speed of fifteen miles an hour, veering towards the south side of the street into which he turned, so as to strike plaintiff's electric car which was running east on the same street, evidence *held* to warrant a finding that defendant was negligent, although he claimed the accident was due to his attempt to avoid striking children who were on the cross walk as he turned, as the evidence warranted the court in finding that the cause of the accident was defendant's excessive speed.

2. DAMAGES, § 151*—*when verdict for injury to automobile not excessive.* In an action of tort to recover for damages to plaintiff's electric car due to defendant's negligent operation of an automobile, a finding of $247.25 for plaintiff *held* not excessive under the evidence.

---

# The People of the State of Illinois ex rel. James J. Brady, Auditor, v. La Salle Street Trust & Savings Bank et al.

## William C. Niblack, Receiver, Appellee, v. John A. Cervenka, Respondent, Appellant.

### Gen. No. 21,729.

1. BANKS AND BANKING, § 23*—*how provision for distribution of proceeds of stockholders' liability construed.* That portion of section 11 of the Banking Act (J. & A. ¶ 683) providing that the amounts collected by the receiver of an insolvent banking corporation from the stockholders thereof shall be disbursed in the same manner in which its assets are distributed, is not necessarily an attempt to limit the rights of creditors as against stockholders since, while both assets